OPINION OF THE COURT
NYGAARD, Circuit Judge.
Dubrow appeals the District Court’s grant of summary judgment in favor of the City of Philadelphia and prison officials, dismissing Dubrow’s Fourteenth Amendment state-created danger claims. Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will affirm the order of the District Court.
Dubrow was employed as a mental health nurse at the Philadelphia Industrial Correctional Facility, part of the Philadelphia Prison System. Dubrow walked into a new office unaware that, unlike the other unit in which she routinely worked, the door did not automatically lock behind her. Shortly after, a prisoner also entered the room and began to molest her. Dubrow had no means of summoning help, and had to resort to threatening the prisoner with a kick to his groin if he did not cease. At that time, Dubrow’s supervisor came upon the scene and intervened. The prisoner backed away from Dubrow and was subdued.
We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court’s order of summary judgment. Kaucher v. County of Bucks, 455 F.3d 418, 422 (3d Cir.2006).
On a foundational level, we agree with the District Court that Due Process violations are rooted in an abuse of power or deprivation of liberty. Generally speaking, her presence in the prison facility as an employee did not constitute a deprivation of her liberty that could impose a duty on state actors to ensure a person’s safety.
More specifically, while the state-created danger theory of due process violations is an exception to the general rule that the state is not responsible for preventing acts of private harm, we concur with the District Court that it is not applicable to this case. As the District Court properly concluded, Dubrow’s allegations of poor sight-lines between a guard post and the new office, improper door locks, and failures to train or warn her of new safety risks constitute mistakes that are, at most, negligence. Acts of omission by state actor employers of this sort generally do not rise to the level of a constitutional violation.
*786 Dubrow also contends that the District Court ignored her expert’s testimony. However, we found nothing in the report substantiating Dubrow’s allegation that the City or prison officials willfully or recklessly disregarded threats to her safety that created the harm she experienced.
The harm that the prisoner caused Ms. Dubrow is detestable. Nonetheless, for all of the reasons stated above, we conclude that the District Court properly dismissed Dubrow’s Fourteenth Amendment state-created danger claims.